UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PEDRO TORRES,

                              Petitioner,

        -vs-

S. CRONIN, Superintendent, Groveland
Correctional Facility,

                              Respondent.

**No. 6:19-cv-06462-MAT**
**DECISION AND ORDER**

## I.   Introduction

Pedro Torres ("Torres" or "Petitioner") brings this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241 ("§ 2241") alleging that he is being held in state custody in violation of his federal constitutional rights. For the reasons discussed below, the For the reasons set forth herein, the Court finds that Torres' § 2241 petition must be converted to a petition under 28 U.S.C. § 2254 ("§ 2254"). Before the conversion occurs, Torres will be given an opportunity to withdraw the petition without prejudice.

## II.  Background

Petitioner's state custody arises from judgments entered on September 12, 2006, in New York County Supreme Court, convicting him, upon his guilty pleas, of first-degree criminal sexual act, first-degree course of sexual conduct against a child, and first-degree criminal contempt.

In the petition (Docket No. 1), Torres does not challenge his convictions but rather challenges an August 3, 2017, decision of the New York State Division of Parole ("Parole Division") denying his discretionary release to parole supervision and imposing special conditions in anticipation of his eligibility for conditional release pursuant to New York Penal Law § 70.40(b). Specifically, he asserts argues that his constitutional right to due process has been violated because (1) the Parole Division unlawfully deprived him of earned good time credits (Ground One); and (2) various "state authorities," including the Clerk of the Appellate Division, Fourth Department, of New York State Supreme Court, have refused to provide him with the docket number for his appeal from the denial of his petition under New York Civil Practice Law and Rules Article 70, thereby depriving him of the ability to appeal the decision (Ground Two).

Respondent has answered the petition and filed a supporting memorandum of law, asserting that because Petitioner's custody arises from state court judgments of conviction, his petition should have been brought pursuant to § 2254, not § 2241. Respondent requests that Court treat the petition as one filed under § 2254, after giving notice to Petitioner and providing him with an opportunity to withdraw the petition.

## III. Discussion

Section 2241 authorizes "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions," 28 U.S.C. § 2241(a), to grant a writ of habeas corpus to a "prisoner . . . in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3). Section 2254, on the other hand, governs "application[s] . . .in behalf of . . . a person in custody pursuant to the judgment of a State court . . . on the ground that [the person applying] is in custody in violation of the Constitution . . . of the United States." 28 U.S.C. § 2254(a). Section 2241 is not an independent and separate avenue of relief but is to be read in conjunction with the requirements of § 2254, which are "a limitation on the general grant of jurisdiction conferred in section 2241 that applies to cases involving prisoners subject to state court judgments." Rittenberry v. Morgan, 486 F.3d 331, 338 (6th Cir. 2006) (citations omitted).

The Second Circuit has instructed that "if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." Cook v. New York State Div. of Parole, 321 F.3d 274, 277-78 (2d Cir. 2003) (citing James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002)). "'[I]t is the substance of the

petition, rather than its form, that' governs." Id. (quoting James, 308 F.3d at 166; alteration in original).

In Cook, the Second Circuit considered the proper characterization of a petition challenging a parole revocation hearing as procedurally flawed and substantively erroneous due to the Parole Division's failure to fix a release date. The Circuit concluded that the petition should have been brought under § 2254, not § 2241. See Cook, 321 F.3d at 277 (stating that the language of § 2254 "characterize[d] Cook's petition precisely"). Cook governs Torres's case and compels the conclusion that the petition must be converted from a § 2241 petition to a § 2254 petition. See id. at 278-79 ("A state prisoner such as Cook . . . not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence—in this case with respect to revocation of Cook's parole—under section 2254. A petition under section 2241 is therefore unavailable to him. We see no distinction between the state prisoner challenging the calculation of his sentence in James and Cook's challenge to the revocation of his parole. Both were (or are) 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and both could therefore challenge their incarceration only under section 2254 "on the ground that [they were (or are)] in custody in violation of the Constitution . . . of the United States[.]") (quotation omitted; alterations and second ellipsis in original). However, because of

-4-

the limitations on "second and successive" petitions imposed by 28 U.S.C. § 2244, petitioners must be provided notice and an opportunity to withdraw a petition improperly filed under § 2241 before the district court converts it to a § 2254 petition. Cook, 321 F.3d at 282.

Therefore, the Court is hereby notifying and advising Torres that it intends to convert this § 2241 petition to a petition brought pursuant to § 2254. The effects of such a conversion are two-fold: First, any subsequent § 2254 petition that Torres brings will be subject to the restrictions on "second" or "successive" motions set forth in 28 U.S.C. § 2254(b). Second, the converted petition will be subject to the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1). Torres is also advised that he is entitled to withdraw the petition without prejudice instead of having it converted to a § 2254 petition.

## IV. Conclusion

For the foregoing reasons, the Court finds that Torres' § 2241 petition must be converted to a petition under § 2254. The conversion of the § 2241 petition to a petition under § 2254 will occur unless Torres notifies the Court in writing within thirty (30) days of the date of this Decision Order that he either (1) consents to the conversion despite the consequences of conversion; *or* (2) voluntarily withdraws the petition without

prejudice instead of consenting to having it converted to a petition under § 2254.

If Torres does not advise the Court in writing within thirty (30) days of the date of this Decision and Order of either his consent to the conversion or his voluntary withdrawal of the petition, the petition will be converted to a petition under § 2254 without further action or order by the Court. The Court then will proceed to rule on the petition.

**SO ORDERED.**

S/Michael A. Telesca

_____
    HON. MICHAEL A. TELESCA
    United States District Judge

Dated:    November 14, 2019
          Rochester, New York.