UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PEDRO TORRES,

                                  Petitioner,

      -vs-

S. CRONIN, Superintendent, Groveland
Correctional Facility,

                                  Respondent.

**No. 6:19-cv-06462-MAT**
**DECISION AND ORDER**

---

## I. Introduction

Pedro Torres ("Torres" or "Petitioner") brings this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241 ("§ 2241") alleging that he is being held in state custody in violation of his federal constitutional rights. In a Decision and Order (ECF No. 12) dated November 14, 2019, the Court found that Torres' § 2241 petition was required to be converted to a petition under 28 U.S.C. § 2254 ("§ 2254"). In accordance with Second Circuit case law, the Court offered Torres the opportunity to withdraw the petition without prejudice. Torres was notified that if he did not withdraw the petition within 30 days of the date of the Court's order, the Court would proceed to rule on the merits of the petition. Torres did not withdraw the petition within the 30-day period. Accordingly, the Court has considered the merits of the petition and, for the reasons discussed below, finds that habeas relief is unwarranted.

## II. Factual Background and Procedural History

Petitioner's state custody arises from judgments of conviction entered against him on September 12, 2006, in New York County Supreme Court, following his guilty plea to charges of first-degree criminal sexual act, first-degree course of sexual conduct against a child, and first-degree criminal contempt. Torres received determinate sentences of 15 years, to be followed by 5 years of post-release supervision, for the first-degree criminal sexual act and first-degree course of sexual conduct against a child convictions. He received an indeterminate prison term of 1 1/3 to 4 years for the first-degree criminal contempt conviction. Al sentences were set to run concurrently.

In the petition (ECF No. 1), Torres does not challenge his convictions but rather attacks the August 3, 2017, decision of the New York State Division of Parole ("Parole Division") denying his discretionary release to parole supervision and imposing special conditions in anticipation of his eligibility for conditional release pursuant to New York Penal Law § 70.40(b). Following denial of release, Petitioner filed a petition dated February 16, 2019, in Livingston County Supreme Court pursuant to Article 70 of the New York Civil Practice Law and Rules ("CPLR Art. 70") challenging the Parole Division's decision. On April 11, 2019, Livingston County Supreme Court denied the petition. Petitioner filed a notice of appeal on April 24, 2019, but has not perfected the appeal.

On July 31, 2019, approximately 45 days after petitioner filed the instant habeas corpus petition, he reappeared before the Parole Division and was again denied release.

In his petition, Torres asserts that his constitutional right to due process has been violated because (1) the Parole Division unlawfully deprived him of earned good time credits (Ground One); and (2) various "state authorities," including the Clerk of the Appellate Division, Fourth Department, of New York State Supreme Court, have refused to provide him with the docket number for his appeal from the denial of his petition under New York Civil Practice Law and Rules Article 70, thereby depriving him of the ability to appeal the decision (Ground Two).

Respondent answered the petition and filed a supporting memorandum of law. According to Respondent, the petition should be denied because Torres's challenge to the Parole Division's decision is untimely, procedurally defaulted, and, in any event, without merit. In addition, Respondent urges, there is no merit to Torres's due process claim based on the alleged deprivation of the ability to appeal the denial of his CPLR Art. 70 petition. Petitioner has not filed a reply.

**III. Discussion**

    **A.   Petitioner's Challenge to the Parole Division's Decision Is Untimely, and No Tolling Applies**

In its previous Order, the Court found that Torres's habeas petition is properly filed under 28 U.S.C. § 2254, rather than

Section 2241, pursuant to Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 279-80 (2d Cir. 2003). Section 2254 was amended in 1996 via the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA") to include a one-year limitations period, see generally, 28 U.S.C. § 2244(d). In Cook, the Second Circuit explained that "[t]he section 2244 time limitation and section 2254 both apply, in identical terms, to 'an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court[,]'" 321 F.3d at 280 (quoting 28 U.S.C. § 2244(d)(1); 28 U.S.C. § 2254(a)). Cook, who was challenging his parole revocation, was "indeed . . . 'a person in custody pursuant to the judgment of a State court.'" Id. (quoting 28 U.S.C. § 2244(d)(1)). It therefore followed that both 28 U.S.C. § 2244(d)(1) and 28 U.S.C. § 2254(a) applied to Cook's § 2254 application. Id. Torres's bid for release to parole having been denied, he—like the petitioner in Cook—is also a person in custody pursuant to the judgment of a State court. Therefore, Section 2244(d)(1)'s one-year statute of limitations applies to his Section 2254 petition. See id.

"In cases such as [Torres]'s, the applicable start-date is found in 28 U.S.C. § 2244(d)(1)(D), 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" Bennett v. Unger, No. 6:11-CV-6566 MAT, 2012 WL 4210243, at *1 (W.D.N.Y. Sept.

18, 2012) (quoting Cook, 321 F.3d at 280). In Cook, where the petitioner challenged the revocation of his parole, the Second Circuit held that the "factual predicate" was, in fact, "the revocation of his parole." Id. (finding that "[t]he limitations time therefore did commence at a time set by the statute, when that 'factual predicate [for his] claim . . . could' reasonably have been discovered, i.e., when Cook was notified that the administrative decision to revoke his parole had become final") (ellipsis and alteration in original).

Here, the factual predicate for Torres's claim is the Parole Division's August 3, 2017 decision denying him release. Torres did not pursue an administrative appeal of the parole decision, which therefore became administratively final 30 days later, on September 3, 2017. See N.Y. Comp. Codes R. & Regs. tit. 9, § 8006.1 ("The appeal process is initiated by the filing of a notice of appeal within 30 days of the date that the inmate/violator or his attorney receives written notice of the final decision from which the appeal is taken. The failure to file a notice of appeal within the aforementioned time limit shall constitute a waiver of the right of appeal by the inmate/violator."); see also Johnson v. Carlsen, No. 09-CV-66 GTS/DRH, 2010 WL 1817343, at *2 (N.D.N.Y. Mar. 29, 2010) (where petitioner failed to file an administrative appeal challenging the parole revocation decision within the 30-day statute of limitations period in N.Y. Comp. Codes R. & Regs. tit.

9, § 8006.1(b), decision became final upon the expiration of the 30-day period), report and recommendation adopted, No. 9:09CV0066 GTSDRH, 2010 WL 1837779 (N.D.N.Y. May 5, 2010). Torres's federal habeas petition accordingly was due one year after that, on September 3, 2018. See 28 U.S.C. § 2244(d)(1).

To determine the date Torres's petition was filed, the Court looks to the "prison mailbox" rule, which provides that a pro se inmate's papers are deemed filed on the date they are given to correctional officials for mailing. Noble v. Kelly, 246 F.3d 93 (2d Cir.) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)), cert. denied, 534 U.S. 886 (2001). Torres does not indicate the date on which he handed over the petition to correctional officials to be mailed, but the cover letter accompanying the petition is dated June 19, 2019. Therefore, the Court finds that Torres filed his petition on June 19, 2019, at the earliest. Torres's petition is clearly untimely by over nine months unless he qualifies for statutory tolling, see 28 U.S.C. § 2244(d)(2), or equitable tolling, or that he has a credible claim of actual innocence.

The Court considers statutory tolling first. Section 2244(d)(2) states that AEDPA's one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). Torres filed a state habeas petition pursuant to CPLR

Article 70, which appears to be a "properly filed application for State post-conviction or other collateral review" of the Parole Division's denial. The CPLR Article 70 petition was filed on or about February 16, 2019, over five months after the one-year limitations period expired on September 3, 2018. Therefore, the state habeas petition was not "pending" during period sought to be tolled, and it does not afford Torres the benefit of statutory tolling under 28 U.S.C. § 2244(d)(2). See Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005) ("To toll the AEDPA statute of limitations, the state petition must be . . . pending during the tolling period."); Smith v. McGinnis, 208 F.3d 13, 16–17 & n. 2 (2d Cir. 2000) (holding that a state collateral proceeding filed after the one-year limitations period has already expired does not "reset" the start of the limitations period).

The Court turns next to equitable tolling, which imposes on the petitioner "the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Torres has not attempted to demonstrate his entitlement to equitable tolling. Moreover, the record does not support a finding that he acted with reasonable diligence, and there is no suggestion that any extraordinary or unusual circumstances prevented him from timely filing his petition.

Finally, the Supreme Court has held that "actual innocence" if proved, is an exception to the AEDPA's one-year limitation period. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623–24 (1998) (quoting Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). In other words, to prove actual innocence, a petitioner must convince the Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin, 569 U.S. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). No such showing has been made in the present case. See Wheeler v. Banks, No. 5:17-CV-54-DCB-MTP, 2018 WL 813066, at *3 (S.D. Miss. Feb. 9, 2018) ("Wheeler fails to meet the McQuiggin standard for pleading actual innocence sufficient to except his petition from the AEDPA's one-year limitation period. Because he has not identified any new evidence, much less that which would preclude a reasonable juror from finding him guilty, Wheeler fails to show actual innocence under McQuiggin. . . .").

In sum, Torres's claim attacking the Parole Division's decision is untimely, and he is entitled neither to statutory tolling nor equitable tolling. Furthermore, Torres has not come forward with new evidence of his actual innocence. Accordingly, the

Court dismisses the claim as untimely without reaching Respondent's alternative arguments.

### B. Petitioner's Claim Based on the Alleged Denial of the Right to Appeal Is Not Cognizable

Torres alleges that he was prevented from filing an appeal of the Livingston County Supreme Court's decision denying his CPLR Article 70 petition as a result of the Appellate Division's failure to provide him with a docket number. Even assuming the truth of this allegation, the claim nonetheless does not present a cognizable habeas claim.

"Section 2254 authorizes a federal court to grant a writ only where a state holds a petitioner in its custody in violation of 'the Constitution or laws or treaties of the United States.'" Word v. Lord, 648 F.3d 129, 131 (2d Cir. 2011) (quoting 28 U.S.C. § 2254(a)). The Supreme Court has recognized that "[s]tate collateral proceedings are not constitutionally required as an adjunct to the state criminal proceedings . . . ." Murray v. Giarratano, 492 U.S. 1, 10 (1989). The Second Circuit, in Word, joined with the majority of its sister circuits to "hold that alleged errors in a postconviction proceeding are not grounds for § 2254 review because federal law does not require states to provide a post-conviction mechanism for seeking relief." 648 F.3d at 132 (citations omitted). Accordingly, Torres's claim that he was denied access to appellate review procedures in connection with his state habeas petition—a post-conviction, collateral proceeding—does

not present a question cognizable on federal habeas review. E.g., Shaw v. Wendlend, No. 11 CIV. 4852 RJS AJP, 2012 WL 29357, at *15 (S.D.N.Y. Jan. 6, 2012) (rejecting as non-cognizable a habeas petitioner's claim that he was denied his right to appeal when the intermediate state appellate court denied his application for leave to appeal the denial of his collateral motion to vacate the judgment), report and recommendation adopted, No. 11-CV-4852 RJS, 2014 WL 2939992 (S.D.N.Y. June 27, 2014); Ortiz v. Artus, 06-CV-6444, 2008 WL 2369218, at *8 (S.D.N.Y. June 9, 2008) ("[T]he denial of leave [to appeal from the denial of a writ of error coram nobis] raises no constitutional due process issue."). The Court therefore will dismiss Ground Two as non-cognizable on federal habeas review.

## IV. Conclusion

For the foregoing reasons, Pedro Torres's request for a writ of habeas corpus is denied, and the petition is dismissed. No certificate of appealability shall issue because Torres has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated: December 20, 2019
Rochester, New York.